### No. 828

### SANTONE v. STATE

Ohio Appeals, 8th District, Cuyahoga County
No. 4532.   Decided Sept. 24, 1923

### 312. RAPE.

Cannot convict accused of raping girl forcibly and against her will, if evidence discloses that she consented thereto.

VICKERY, J.

#### Epitomized Opinion

Santone was charged with raping a girl forcibly and against her will and also of being over the age of 18 years, and having carnal intercourse with a girl under 16 years, with her consent. At the trial it was proved that Santone was under 18. The jury returned a verdict finding Santone guilty of rape forcibly and against her will. The evidence disclosed that Santone and four others took this girl out in an automobile and had intercourse with her without any resistance on her part. Later she went to a road house with Santone and two others and had intercourse with two of the three. She did not complain until she was caught cohabiting some time later with another man. In reversing the judgment the Court of Appeals held:

1. There is nothing in the evidence to show that this intercourse was forcible and against her will. The record is replete with evidence that she consented and was perfectly willing that these outrages should be committed upon her. We suggest that this matter be taken before the Juvenile Court and this boy be prosecuted for contributing to the delinquency of a young girl.

Attorneys—Reed, Meals, Orgill & Maschke and B. Buonpane, for Santone; E. C. Stanton, for State.

### No. 829

### FLYNN v. ENGINEERS RADIO CO.

Hamilton County Common Pleas
No. 186906.   Oct. 8, 1923

### 313. RECEIVERS.

Need not deliver mortgaged chattels to mortgagees.

MATTHEWS, J.

#### Epitomized Opinion

Action by a surety on certain notes to compel the principal to save him harmless. The petition prayed the court to administer as a trust fund the property of defendant for the benefit of plaintiff and all other creditors. A decree was entered appointing a receiver to administer the assets of defendant. The receiver reported that the business could not be operated at a profit and on his application an order of sale was decreed.

Plaintiff and two other creditors now file an intervening petition for an order directing the receiver to deliver to them certain personal property on which they hold a chattel mortgage, becaues they are entitled to such possession by the terms of their mortgage and are authorized to sell the chattels to satisfy their claim.   Held:

The receiver holds the property for the benefit of all the creditors. . Whatever equity exists in the mortgaged property constitutes a part of the trust fund, which the receiver is bound to administer. The intervening petitioners are not entitled to possession of the mortgaged property as against the receiver for the purpose of exercising the remedy provided in their mortgage. The general ceditors are entitled to the processes of the court for the protection of their interests. Intervening petition dismissed.

Attorneys—Carl Lehman and H. W. Merland, for Intervenors; H. C. Bolsinger and Cobb, Howard & Bailey, for Receiver.